Agnes HILL, et al., Plaintiffs,

v.

**GROUP THREE HOUSING DEVELOPMENT CORPORATION, et al.,**
Defendants.

No. 84–1534C(4).

United States District Court,
E.D. Missouri.

Oct. 4, 1985.

Ann B. Lever, Mark J. Cardosi, Stan Platke, Legal Services of Eastern Missouri, Inc., St. Louis, Mo., for plaintiffs.

Ellen J. Sazzman, Trial Atty., Dept. of Justice, Civil Div., Washington, D.C., Edwin B. Brzezinski, Asst. U.S. Atty., St. Louis, Mo., Sheila Lieber, Stephanie Lachman Golden, Dept. of Justice, Fed. Programs Branch, Civil Div., U.S. Dept. of Justice, Patricia Sharin Flagg, U.S. Dept.

of Housing & Urban Development, Washington, D.C., for Federal defendants.

Charles A. Seigel, Harvey Harris, Peter Sadowski, Stolar, Heitzmann, Eder, Seigel & Harris, St. Louis, Mo., for Missouri Housing & Wayne Milsap.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Gregory R. Smith, St. Louis, Mo., for Group Three Housing Dev., Joseph Shepherd, William A. Franke and Richard C. Mange.

Peper, Martin, Jensen, Maichel and Hetlage, Michael David Hart, St. Louis, Mo., for First Murphy Blair Redevelopment Corp. and Consol. Neighborhood Service, Inc.

## MEMORANDUM

CAHILL, District Judge.

This matter comes before the Court on defendants' motion to dismiss and for judgment on the pleadings.

The plaintiffs in this case are seven women who are low income residents of the state of Missouri. Plaintiffs allege that they were denied Section 8 New Construction Public Housing benefits, in spite of the fact that they met the income level requirements of the program. Plaintiffs allege that the denial of benefits was arbitrary, without good cause, and without prompt and meaningful opportunity to appeal the decision. Plaintiffs allege that the defendants' actions violated their constitutional rights, and they seek to certify as a class all present, past, and future individuals eligible under federal law for Section 8 housing who have applied or will apply for federally subsidized Section 8 new construction housing in Missouri.

In support of their motion to dismiss and for judgment on the pleadings, the defendants argue that the plaintiffs have failed to establish a property interest upon which to base a procedural due process claim. The defendants further argue that the plaintiffs have no standing to file suit under 42 U.S.C. § 1437. To resolve this matter, the Court must first make a determination as to whether plaintiffs have a protectable

property interest. The controlling case on this issue is *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), wherein the Supreme Court explained when a statutory benefit constitutes a property interest subject to due process protection. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. To date, only two circuits have applied the *Roth* decision to the factual situation now before the Court, and each has reached a different conclusion.

In *Ressler v. Pierce*, 692 F.2d 1212, 1215 (9th Cir.1982), the Ninth Circuit interpreted 42 U.S.C. § 1437f(d)(1)(A) and 24 C.F.R. § 886.117(a)(b) as creating a property interest that is sufficient to support a due process claim. The Ninth Circuit reasoned that the plaintiffs in that case were members of a class of individuals who were intended to be benefited by the Section 8 program. *See Ressler*, 692 F.2d at 1215. Taking an opposite position, the Seventh Circuit applied *Roth* to a similar factual situation, and found that a sufficient property interest did not exist so as to invoke procedural due process protections. *See Eidson v. Pierce*, 745 F.2d 453 (7th Cir. 1984). The court concluded that a property interest could only be created "when the statutes or regulations in question establish a framework of actual conditions delimiting entitlements which are capable of being explored at a due process hearing." *Id.* at 459–60; *citing Geneva Towers Tenants Organization v. Federated Mortgage Investors*, 504 F.2d 483, 494–95 (9th Cir. 1974) (Hufstedler, J., dissenting). Consequently, the two persuasive authorities are diametrically opposed in regard to the issues now before the Court.

The Eighth Circuit has yet to pass upon the issues that have been presented to this Court. Although there does not appear to be a definitive statement with regard to possible procedural due process rights in

the Section 8 housing program, there are other cases within this circuit that delineate what constitutes a protectable property interest.

The defendants have directed the Court's attention to the case of *Vruno v. Schwarzwalder*, 600 F.2d 124 (8th Cir.1979), which defendants contend supports their argument that plaintiffs have failed to establish a protectable property interest. *Vruno* involved a Minnesota statute that prescribed definitive standards and procedures to be followed when a criminal offender sought public employment. The plaintiff in *Vruno* had applied for a position as a firefighter for the City of St. Paul. After qualifying, plaintiff was placed on the list of eligible candidates. Plaintiff was subsequently removed from the list, and was denied an opportunity to be heard. The Eighth Circuit rejected Vruno's claim to a constitutionally protected property interest. The court analogized the plaintiff's claims to those asserted by the untenured professor in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 540 (1972). Just as the plaintiff in *Roth* was not entitled to tenure under the Wisconsin statute the court held that the Minnesota statute did not entitle Vruno to public employment. Although the statute in *Vruno* provided that certain procedures and guidelines be followed, the procedures, in and of themselves did not entitle the plaintiff to employment. Thus the court held that the statute did not create a protectable property interest.

In view of the *Vruno* decision, it is the opinion of this Court that plaintiffs' claims must necessarily fail because plaintiffs have heretofore failed to establish a property interest that would entitle them to the protections of procedural due process. Section 8 housing subsidies were created "for the purpose of aiding lower-income families in obtaining a decent place to live and [to] promote economically mixed housing." *See* 42 U.S.C. § 1437f (1982). Under the program, assistance payments are authorized to be made to private owners who make housing available to lower-income families. The responsibility for management, operation, and the selection of tenants is left largely to the discretion of the property owner. *See* 42 U.S.C. § 1437f(d)(1)(A) (1982). The only restriction that is placed upon the property owner is the obligation to give preferential consideration to families living in substandard housing; families that pay more than 50% of their income for rent; and/or families that have been involuntarily displaced at the time they apply for Section 8 housing. *See* 42 U.S.C. § 1437f(d)(1)(A) (1982). The HUD Handbook (Handbook Transmittal No. 4350.3) sets forth the following screening criteria that should be used when determining eligibility: (1) the applicant's ability to pay rent and make timely payments, (2) comments from previous landlords, (3) credit references of the applicant, and (4) the applicant's housekeeping habits. If eligibility is determined, the applicant is placed upon a list when there are no housing units available. If the applicant is found ineligible, notice and the reasons for rejection must be given. The owner must also notify the applicant that he or she has the opportunity to meet with the owner or managing agent of the housing unit. *See* 24 C.F.R. Subsection 1, 2, and 3, Part 880.603(b).

Both the statute and regulations pertaining to the Section 8 program evidence plaintiffs' inability to point to a specific property interest. It is true that HUD's regulations require that certain procedures be followed by the owner in the tenant selection process. However, "... procedural protection(s) alone, absent an underlying substantive entitlement [do] not constitute [a] substantive, protected interest." *See Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir.1984). In the case at bar, even if a particular applicant met all of the criteria as set forth by HUD, his or her application could still be legitimately rejected by the property owner. Thus, the statute does not create a legitimate claim of entitlement to housing, and for that reason judgment must be entered in favor of the defendants.

■ Plaintiffs equal protection arguments can be summarily dismissed by this Court because applicants for Section 8 housing and applicants for conventional housing are not similarly situated individuals. As the defendants correctly point out, the two programs are entirely different. A conventional housing project is funded by the federal government and normally administered by a state agency. Section 8 housing, on the other hand, is owned and operated by private individuals. The goal behind the Section 8 program is to encourage private property owners to provide housing for low-income families. Thus, not only are the applicants for the two programs not similarly situated, the differences within the programs are rationally related to a legitimate governmental purpose.

The Court need not reach the other issues raised by plaintiffs' complaint. The Court's ruling with respect to plaintiffs' property interest claim is dispositive. Accordingly,

IT IS HEREBY ORDERED that plaintiffs' complaint be and is DISMISSED WITHOUT PREJUDICE.